1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD EARL ALLEN,                    No. 2:17-cv-1584 WBS DB P

12              Plaintiff,

13        v.                               ORDER

14   B. BOTKIN,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20                              **IN FORMA PAUPERIS**

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28
                                        1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Analysis

### A.    Allegations of the Complaint

Plaintiff is an inmate at California State Prison-Solano ("CSP-Solano").  He identifies one defendant, Correctional Officer B. Botkin.  (ECF No. 1 at 2.)

Plaintiff alleges that on August 13, 2016 defendant Botkin forced plaintiff into a single pair of handcuffs despite being told that plaintiff had a medical chrono.  That chrono required that a waist chain be used because an injury prevented plaintiff from placing his arms behind his back.  (ECF No. 1 at 5, 14.)

Plaintiff contends defendant wrote a false Rules Violation Report ("RVR") about the events of August 13 that resulted in a guilty finding. (ECF No. 1 at 14.) Plaintiff states that Botkin did so in retaliation for plaintiff's previous submission of a grievance about Botkin. (Id. at 15.) Plaintiff further contends Botkin's use of excessive force on the 13th to restrain plaintiff was also done in retaliation for filing a grievance. (Id.)

Plaintiff complains that the RVR hearing violated his due process rights. He states that he was "denied the right to have witnesses during his hearing" and that the RVR hearing report did not reflect Botkin's statements. (ECF No. 1 at 15.)

Plaintiff states that as a result of defendant's actions, he suffered the dislocation of his right shoulder causing extreme pain and degenerative changes to his shoulder. (ECF No. 1 at 6.)

Plaintiff seeks compensatory damages for pain and suffering. (ECF No. 1 at 6.)

**B. Does Plaintiff State Claims under 42 U.S.C. § 1983?**

**1. Excessive Force**

Plaintiff has stated a cognizable claim for excessive force in violation of his Eighth Amendment rights against defendant Botkin. See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (to establish claim for excessive force, prisoner must show officer applied force maliciously and sadistically to cause harm rather than in a good-faith effort to restore order); Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).

**2. Retaliation**

A retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Here, plaintiff alleges that Botkin falsified an RVR and used excessive force against plaintiff because plaintiff had filed a grievance against Botkin previously. This is sufficient to allege a potentially cognizable claim of retaliation against Botkin.

### 3. Due Process at RVR Hearing

Plaintiff also appears to be stating a claim that his due process rights were violated in his RVR hearing. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions result in a deprivation of "real substance." See id. at 556–57, 571–72 n.19; Sandin v. Conner, 515 U.S. 472, 484 (1995). "Real substance" is limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) state action that "will inevitably affect the duration of [a] sentence." Sandin, 515 U.S. at 484, 487.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid  . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Additionally, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." Id. at 455–56.

Plaintiff does not currently state a claim for a violation of his due process rights. Plaintiff does not explain what sanctions resulted from the RVR hearing. To state a due process claim, those sanctions must have involved a deprivation of "real substance." Further, plaintiff does not identify who was responsible for depriving him of due process at the hearing. He currently only identifies Botkin as a defendant. However, it does not appear that Botkin was responsible for the conduct of the hearing. Plaintiff will be given an opportunity to amend his complaint to state a due process claim.

**C. Conclusion**

For the reasons set forth above, the court finds plaintiff has stated cognizable claims under 42 U.S.C. § 1983 against defendant Botkin for excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. Plaintiff does not, however, state a due process claim based on the conduct of his RVR hearing. That claim will be dismissed from this action and plaintiff will be given thirty days to file an amended complaint. Plaintiff is not required to file an amended complaint. If he chooses not to do so, this case will proceed on plaintiff's claims for excessive force and retaliation against defendant Botkin in plaintiff's original complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

1    to the Director of the California Department of Corrections and Rehabilitation filed

2    concurrently herewith.

3    3.   Plaintiff's claim for a due process violation in the conduct of his RVR hearing is

4         dismissed with leave to amend.

5    4.   Plaintiff is granted thirty days from the date of service of this order to file an amended

6         complaint that complies with the requirements of the Civil Rights Act, the Federal

7         Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

8         must bear the docket number assigned this case and must be labeled "First Amended

9         Complaint."  Plaintiff must file an original and two copies of the amended complaint.

10        If plaintiff does not file an amended complaint within the time provided, or otherwise

11        respond to this order, this case will proceed on plaintiff's Eighth Amendment and First

12        Amendment claims against defendant Botkin in his original complaint.

13   5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

14        form used in this district.

15   Dated:  January 25, 2018

16

17

18                                                   DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE
19   DLB:9
     DB/prisoner-civil rights/alle1584.scrn
20

21

22

23

24

25

26

27

28

                                            8